## Willis, et al. v. Willis, et al.

(Decided February 2, 1916.)

### Appeal from Fayette Circuit Court.

Executors and Administrators—Disposition of Fund Belonging to Estate.—An administrator who treats a fund in his hands as belonging to the estate, and alleges in his pleadings that it does so belong, may not thereafter by the mere filing before a commissioner of a paper purporting to be an assignment of that fund to him individually, appropriate the same to his individual use, with-

out opportunity by the heirs at law or creditors of the decedent to contest the same.

W. C. G. HOBBS for appellants.

FALCONER & FALCONER and GEORGE B. KINKEAD for appellees.

OPINION OF THE COURT BY JUDGE TURNER.—Affirming.

In June, 1910, Stephen D. Willis died intestate a resident of Fayette County, and thereafter the appellant, J. C. Willis, qualified as his administrator, and in April, 1911, in his individual capacity and as administrator, filed this suit for a settlement of the decedent's estate. The heirs at law and the creditors of the decedent were made defendants, and it was alleged that the aggregate indebtedness of the decedent amounted to about $5,000.00.

It was alleged that the decedent left no real estate, but left the following personal property, to-wit: The proceeds of a life insurance policy from which had been collected the sum of $1,984.36, two thoroughbred horses, a claim for salary, and other personal effects of small value; that the plaintiff upon his qualification as administrator caused said articles to be exhibited to the appraisers and the same to be duly appraised; that afterwards the plaintiff made a partial settlement of the accounts as such administrator in the Fayette County Court; that liens were claimed by certain defendants against said personal property, and it was prayed that the cause be referred to the master commissioner to settle the accounts.

The assignee of the bank of Kentucky filed its answer, counter claim, and cross petition, setting up certain claims and asserting a lien upon certain property of the decedent not involving the proceeds of the life insurance policy. These were the only pleadings filed in the case.

At the April term, 1914, of the Fayette Circuit Court upon motion of one of the creditors the cause was referred to the master commissioner to hear proof and report upon claims, and the administrator was directed to appear before the commissioner on a certain day and furnish a complete statement and account of his transactions as administrator.

The commissioner reported that the administrator had failed to appear before him in person, but appeared by attorney and filed a writing purporting to be a settle-

ment of his accounts made in the Fayette County Court, and the statement of his accounts as administrator since the county court settlement, and also filed a writing purporting to be an assignment from the decedent, Stephen D. Willis, of his interest in and rights to the $2,000.00 Life Insurance policy to said J. C. Willis. The settlement filed by the administrator credited him by $1,555.00 on preferred claim asserted by J. C. Willis individually, by reason of the assignment of the insurance policy. This claim the commissioner declined to allow, and found a balance in the hands of the administrator of $1,596.00, and thereafter the court directed the administrator to pay that sum into the hands of the master commissioner to be held by him subject to the further orders of the court, the exceptions of the administrator and of J. C. Willis individually to the commissioner's report having been overruled, and from that judgment this appeal is prosecuted.

A statement of the case would seem to be sufficient; the only pleading filed by J. C. Willis alleged in substance that the proceeds of the insurance policy were a part of the decedent's estate; the settlement which he made in the county court shows that he charged the same to himself as administrator, and further shows that he had used a part of that fund in settling claims against the estate. There is no pleading in the record asserting title in J. C. Willis individually to the proceeds of the insurance policy, and there is nothing except the paper showing such assignment filed before the commissioner for the first time more than two years after the suit was brought. Unquestionably the action of the commissioner was proper, it being his duty to be guided primarily by the pleadings in the case.

It is apparent that under these circumstances neither the heirs at law nor the creditors had any opportunity to attack the alleged assignment, and had the right to assume from the allegations of the petition that the proceeds of the insurance policy belonged to the estate, and there was no evidence heard on the exceptions so far as the record shows.

A fiduciary is required to act with the utmost good faith; he may not treat a fund which comes to his hands in the administration of an estate as a part of the estate, and allege it to be so in his pleadings, and thereafter by the mere filing before a commissioner of a paper pur-

porting to be an assignment of that fund to him individually, without any pleading and without opportunity to the heirs at law or creditors of the deceased to contest the same, appropriate the fund to his individual use.

Under the circumstances of this case the court properly directed the administrator to pay the balance found to be in his hands into the hands of an officer of the court.

Judgment affirmed.